RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  5 / 29 / 08
BY  JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

UNITED STATES OF AMERICA       CRIMINAL ACTION
    NO. CR06-10014-01

VERSUS

    JUDGE DEE D. DRELL
THERON D. JOHNSON       MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion to vacate, set aside, or correct sentence filed on February 12, 2008, pursuant to 28 U.S.C. § 2255 by petitioner Theron D. Johnson ("Johnson") (Doc. 59). Johnson is contesting his 2007 conviction, entered pursuant to a guilty plea in the United States District Court in the Western District of Louisiana, Alexandria Division, on one count of possession with intent to distribute fifty grams of more of cocaine base. Johnson was sentenced to 108 months imprisonment.[1] Johnson raises the following grounds for relief in his motion:

    1. Johnson had ineffective assistance of counsel due to his attorney's failure to contest the government's breach of the plea agreement.

    2. Johnson did not waive his right to appeal his challenge to the drug quantity assigned to him as relevant conduct in the Presentence Investigation Report.

---

[1] Johnson is contesting his sentence in a separate motion pursuant to 18 U.S.C. § 3582 (Doc. 61).

This motion is before the undersigned Magistrate Judge for initial review. See 28 U.S.C. § 2255 and Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings For the United States District Courts, which states in part, "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

## Rule 8(a) Resolution

This court is able to resolve the merits of this Section 2255 application without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claims of the petitioner, and the State court records provide the required and adequate factual basis necessary to the resolution of the Section 2255 application. <u>U.S. v. Green</u>, 882 F.2d. 999, 1008 (5th Cir. 1989); Section 2255 Rule 8(a).

## Law and Analysis

### The Law of §2255 Actions

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitutional or laws of the United

States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. §2255; United States v. Cates, 952 F.2d 149, 151 (5th Cir.), cert. den., 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). The scope of relief under §2255 is consistent with that of the writ of habeas corpus. Cates, 952 F.2d at 151. Also, U.S. v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

Relief under 28 U.S.C. §2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Also, U.S. v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995). A collateral challenge may not do service for an appeal. After conviction and exhaustion and waiver of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted. U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. den., 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error.

U.S. v. Mimms, 43 F.3d 217, 219 (5th Cir. 1995), and cases cited therein.

A claim may not be reviewed under §2255 absent a showing of cause and prejudice or actual innocence. U.S. v. Hicks, 945 F.2d 107, 108 (5th Cir. 1991). Moreover, a prisoner who shows the possibility of prejudice may not obtain collateral relief under §2255 without demonstrating cause for his failure to raise the error at trial or on direct appeal. U.S. v. Shaid, 937 F.2d at 229.

Cause is demonstrated by showing objective external factors which prevented the petitioner from having raised the instant claim previously, and actual prejudice resulting from the error. If the petitioner cannot show cause, the failure to raise the claim in an earlier proceeding may nonetheless be excused if the petitioner can show that a fundamental miscarriage of justice would result from a failure to entertain the claim, i.e. the petitioner must make a colorable showing of actual innocence. U.S. v. Flores, 981 F.2d 231, 235-36 (5th Cir. 1993). Also, McCleskey v. Zant, 499 U.S. 467, 495, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991). Absent exceptional circumstances, establishment of ineffective assistance of counsel satisfies cause and prejudice. U.S. v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995).

The cause and prejudice test, however, does not apply to claims of ineffective assistance of counsel which are ordinarily

brought for the first time on collateral review. <u>U.S. v. Gaudet</u>, 81 F.3d 585, 589 n.5 (5th Cir. 1996), citing <u>U.S. v. Pierce</u>, 959 F.2d 1297, 1301 (5th Cir. 1992). Also, <u>U.S. v. Acklen</u>, 47 F.3d 739, 742 (5th Cir. 1995).

<u>Ineffective Assistance of Counsel</u>

Johnson claims he had ineffective assistance of counsel due to his attorney's failure to contest the government's breach of the plea agreement. Johnson contends he only agreed to plead guilty to Count 6, for possession with intent to distribute fifty grams or more of cocaine base, and that Counts 1-5 and 7-9 were dismissed. However, the amounts of drugs involved in the other counts were used as relevant conduct in calculating his sentence under the sentencing guidelines, which Johnson contends violated the plea agreement. Johnson further argues he did not waive his right to appeal or challenge the drug quantity used to calculate his sentence pursuant to the sentencing guidelines.

Alleged violations of Fed.R.Cr.P. rule 32[2] that could have been raised on direct appeal or through a Rule 35 motion to correct a sentence are not cognizable for the first time in a Section 2255 proceeding. <u>U.S. v. Weintraub</u>, 871 F.2d 1257, 1266 (5th Cir. 1989). Also, <u>U.S. v. Prince</u>, 868 F.2d 1379, 1386 (5th Cir.), cert. den.,

---

[2] Fed.R.Cr.P. rule 32 provides for the time for sentencing, the presentence investigation and report, the contents of the presentence report, the sentencing hearing, the imposition of sentence, the notification of the right to appeal, the judgment, and plea withdrawal.

493 U.S. 932, 110 S.Ct. 321, 107 L.Ed.2d 312 (1989). Also, an erroneous application of the sentencing guidelines does not state a constitutional claim or a jurisdictional claim of error cognizable under § 2255; it is an application of statutory law. <u>Grant v. U.S.</u>, 72 F.3d 503, 505-6 (6th Cir.), cert. den., 517 U.S. 1200, 116 S.Ct. 1701, 134 L.Ed.2d 800 (1996); <u>U.S. v. Vaughn</u>, 955 F.2d 367, 368 (5th Cir. 1992). Also, <u>U.S. v. Payne</u>, 99 F.3d 1273, 1281 (5th Cir. 1996)(claim relating to the amount of drugs attributed to defendant at sentencing was not cognizable under Section 2255). Johnson, however, is raising his sentencing guidelines claim in the context of an ineffective assistance of counsel claim.

To establish that his legal representation at trial fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test set forth by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He must show that his counsel's performance was both deficient (i.e., that counsel did not provide reasonably effective assistance under prevailing professional norms) and prejudicial (i.e., that errors by counsel "actually had an adverse effect on the defense). The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound

trial strategy. On the latter component, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding; rather, he must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Anderson v. Collins, 18 F.3d 1208, 1215 (5th Cir. 1994), and cases cited therein. Also, U.S. v. Segler, 37 F.3d 1131, 1136 (5th Cir. 1994).

In showing he was rendered ineffective assistance of counsel in regard to his sentence, Johnson must additionally show there was a reasonable probability that but for counsel's errors the defendant's non-capital sentence would have been significantly less harsh; relevant factors are the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances. U.S. v. Segler, 37 F.3d at 1136.

Pursuant to Section 2D1.1(a)(3) of the United States Sentencing Guidelines, a defendant's offense level for a drug trafficking offense is determined by the quantity of drugs involved.[3] Under Section 1B1.3(a)(1), the applicable drug quantity

---

[3] Of course, the Sentencing Guidelines are now advisory only. Gall v. U.S., __U.S.__, 128 S.Ct. 586 (2007); Rita v. U.S., __U.S.__, 127 S.Ct. 2456 (2007); U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

includes not only drugs with which the defendant was directly involved, but also drugs that can be attributed to him as part of his relevant conduct. Relevant conduct for conspiratorial activity is defined as the conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant. United States v. Foy, 28 F.3d 464, 476 (5th Cir.), cert. den., 513 U.S. 1031, 115 S.Ct. 610, 130 L.Ed.2d 520 (1994).

Consideration of dismissed counts as relevant conduct is explicitly allowed by the Sentencing Guidelines. U.S. v. Ashburn, 20 F.3d 1336 (5th Cir. 1994), on rehearing, 38 F.3d 803 (5th Cir. 1994), cert. den., 514 U.S. 1113, 115 S.Ct. 1969, 131 L.Ed.2d 858 (1995). If a plea agreement includes dismissal of charges, the agreement shall not preclude the conduct underlying such charge from being considered as relevant conduct under U.S.S.G. § 1B1.3 in connection with the counts of which a defendant is convicted. Ashburn, 20 F.3d at 1348. Where the sentencing court considers the dismissed counts as relevant conduct, for example by grouping stipulated amounts of drugs which had been the subject of counts dismissed pursuant to a plea bargain, the reasonable expectation of a sentence in accord with the guidelines is honored by the sentence imposed on the defendant. Ashburn, 20 F.3d at 1348, citing U.S. v. Fine, 975 F.2d 596, 602 (9th Cir. 1992).

Sentencing Guidelines § 1B1.1, Application Note (1)(l) defines

"offense" as "the offense of conviction and all relevant conduct under § 1B1.3 (Relevant Conduct) unless a different meaning is specified or is otherwise clear from the context." Application Note 3 of § 1B1.3 states, "For example, where the defendant engaged in three drug sales of 10, 15, and 20 grams of cocaine, as part of the same course of conduct or common scheme or plan, subsection (a)(2) provides that the total quantity of cocaine involved (45 grams) is to be used to determine the offense level even if the defendant is convicted of a single count charging only one of the sales."

Under Sentencing Guideline § 2D1.1(a)(3), the base offense level for Johnson's sentence was calculated by determining the total amount of drugs he was originally charged with distributing. This calculation properly took into account, as relevant conduct, all of the cocaine sold by Johnson in the six instances of drug sales charged in the indictment (Docs. 36, 49), rather than just the amount Johnson sold in the sole offense to which he pleaded guilty. Johnson's attorney did not err, and was not ineffective, by failing to object to the amount of drugs attributed to Johnson in calculating the Sentencing Guidelines.

These claims are meritless.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Johnson's Section 2255 motion to vacate, set aside, or correct

9

sentence be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 27 day of May, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE